429 So.2d 1201 (1983)
THE FLORIDA BAR, Complainant,
v.
Thomas E. HUNT, Respondent.
No. 61866.
Supreme Court of Florida.
March 31, 1983.
PER CURIAM.
This disciplinary proceeding against attorney Thomas E. Hunt is before the Court on the complaint of The Florida Bar and the report of a referee. Neither party has petitioned for review of the referee's report.
The following findings and recommendations are contained in the referee's report:

FINDINGS OF FACT AS TO EACH ITEM OF MISCONDUCT OF WHICH THE RESPONDENT IS CHARGED
After considering all the pleadings and evidence before me, I find that:
*1202 1. Respondent, Thomas E. Hunt, is a member of The Florida Bar and subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.

As to Count I
2. From October, 1977, until July, 1981, respondent practiced law in the form of a professional association known as Thomas E. Hunt, P.A.
3. For the calendar years 1978, 1979 and 1980, Margaret C. Browne, a nonlawyer, was the corporate secretary and treasurer and a director of Thomas E. Hunt, P.A.
4. At various times during the period 1978 through 1981, respondent designated, or permitted others to designate, Paul C. Mueller, a disbarred attorney, and Phyllis H. Mueller and Patrice A. Kane, both non-lawyers, as corporate officers of Thomas E. Hunt, P.A.

As to Count II
5. On October 1, 1980, pursuant to Section 2, article VIII, of the Integration Rule of The Florida Bar, respondent's privilege to practice law was suspended for failure to pay his annual Bar dues.
6. During January or February, 1981, respondent was verbally advised by Judge James M. Reasbeck, a Circuit Judge in the Seventeenth Judicial Circuit, that respondent had been listed by The Florida Bar as being delinquent in the payment of his annual Bar dues.
7. Despite being given notice of his delinquent status, respondent failed to investigate whether he had, in fact, been suspended and failed to petition the Board of Governors of The Florida Bar for reinstatement.
8. From October 1, 1980, until July 12, 1981, respondent practiced law.

As to Count III
9. Prior to December, 1979, respondent was retained by E.J. Huguelet and the firm of Sieferman, Rismiller & Gerhard to represent their respective interests in the case M & M Associates, Inc. v. Alco Services, Inc., Case Number 75-18297, Circuit Court of the Seventeenth Judicial Circuit.
10. On December 27, 1979, pursuant to an order of the Court in the M & M Associates case, respondent received from the Court Registry a check made payable to his trust account in the amount of $6,447.41, which check included amounts being received on behalf of Mr. Huguelet and Sieferman, Rismiller & Gerhard. Respondent deposited such check in his trust account on December 28, 1979.
11. Respondent did not notify Wanda Huguelet, the widow and sole heir of E.J. Huguelet, or Sieferman, Rismiller & Gerhard of the receipt of such funds on their behalf.
12. Respondent had no specific fee arrangement with E.J. Huguelet or the firm of Sieferman, Rismiller & Gerhard, nor did he prior to January 2, 1980, ever render fee statements to them.
13. On January 2, 1980, Paul C. Mueller, as agent for respondent, drew a check in the amount of $5,000.00 from respondent's trust account, such being funds received by respondent on behalf of Mr. Huguelet and Sieferman, Rismiller & Gerhard, and deposited such in respondent's office account allegedly in payment of attorney's fees for representing such parties in the M & M Associates case.
14. Despite demand, respondent failed to properly account for and deliver over to Wanda Huguelet, as successor to E.J. Huguelet, or Sieferman, Rismiller & Gerhard funds received on their behalf.
15. There was no evidence provided which would indicate that respondent personally converted any of such $5,000.00. The distribution of such funds out of respondent's office account was controlled and effectuated by Paul C. Mueller.

As to Count IV
16. On October 3, 1977, Paul C. Mueller was disbarred by the Supreme Court of Florida. To date, Mr. Mueller has not had his privilege to practice law reinstated.
17. Respondent employed Paul C. Mueller to perform accounting services and certain legal related work for Thomas E. Hunt, P.A. Additionally, Mr. Mueller was *1203 authorized to sign checks drawn upon respondent's trust account.
18. Respondent failed to notify The Florida Bar that he had employed Mr. Mueller and failed to provide quarterly information reports to the Bar with respect to such employment.

As to Count V
19. During January, 1979, respondent was retained by Paul C. Mueller to represent Mr. Mueller, who was the personal representative of the estate of Mary A. Walsh, a/k/a Augusta Walsh.
20. On or about March 11, 1979, Margaret Mary Stewart, Ms. Walsh's cousin, notified respondent by letter that she was the beneficiary of a Totten trust established by Ms. Walsh at Century National Bank of Broward.
21. On March 14, 1979, respondent wrote to Ms. Stewart informing her that there were certain legal issues raised by such bank account which may have to be clarified by a court.
22. On June 21, 1979, respondent wrote to Ms. Stewart informing her that he had prepared a complaint for declaratory relief to determine her rights to the bank account and indicating that he would represent her in that action.
23. On January 4, 1980, respondent wrote to Don Allen, Esquire, inquiring if he would represent Ms. Stewart in the declaratory relief matter against the Estate of Mary A. Walsh because he had a conflict in that he was the attorney for the personal representative of the estate.
24. On January 17, 1980, after receiving an affirmative response from Mr. Allen to his January 4, 1980, letter, respondent forwarded a draft complaint to Mr. Allen, together with estate checks issued by Mr. Mueller for filing costs and attorney files, and asked that Mr. Allen file the complaint and then defer further action.
25. Mr. Allen filed such complaint and then took no further action, as per respondent's instructions.

As to Count VI
26. Respondent knew that Paul C. Mueller was utilizing respondent's name and professional association to prepare pleadings and correspondence in the declaratory relief action by Margaret M. Stewart against the Estate of Mary A. Walsh.
27. Respondent knew that Mr. Mueller was utilizing respondent's name and professional association to correspond with the beneficiaries of the Estate of Mary A. Walsh concerning legal matters.

RECOMMENDATIONS AS TO WHETHER OR NOT THE RESPONDENT SHOULD BE FOUND GUILTY OF MISCONDUCT
As to each count of the Complaint I make the following recommendations as to guilt or innocence:

As to Count I
I recommend that the respondent, Thomas E. Hunt, be found guilty of violating disciplinary Rule 5-107(C)(2) of the Code of Professional Responsibility, in that he practiced law in the form of a professional association wherein nonlawyers were corporate officers and directors.

As to Count II
I recommend that the respondent be found guilty of violating Section 2 of article II (Membership), through Section 2 of article VIII (Dues), of the Integration Rule of The Florida Bar, in that he practiced law while suspended for nonpayment of his annual Bar dues.

As to Count III
I recommend that the respondent be found guilty of violating Disciplinary Rule 9-102(B)(1) of the Code of Professional Responsibility, in that he failed to promptly notify his clients, Wanda Huguelet and the firm of Sieferman, Rismiller & Gerhard, of the receipt of funds on their behalf. I further recommend that respondent be found guilty of violating Disciplinary Rules 9-102(B)(3) and 9-102(B)(4) of the Code of Professional Responsibility and Rule 11.02(4), article XI, of the Integration Rule of The Florida Bar, in that, despite demand, *1204 he failed to account for or deliver over to Wanda Huguelet or Sieferman, Rismiller & Gerhard the funds he had previously received on their behalf.

As to Count IV
I recommend that the respondent be found guilty of violating Rule 11.10(8), article XI, of the Integration Rule of The Florida Bar, in that respondent failed to notify, or provide quarterly reports to, The Florida Bar concerning his employment of Paul C. Mueller, a disbarred attorney, to perform accounting and legal related services and permitted Paul C. Mueller to be a signator on and to disburse funds from his trust account. I further recommend that respondent be found guilty of violating Disciplinary Rule 3-104(C) of the Code of Professional Responsibility, in that he failed [to] properly supervise Paul C. Mueller so as to prevent Mr. Mueller from violating the Code of Professional Responsibility.

As to Count V
I recommend that the respondent be found guilty of violating Disciplinary Rules 7-102(A)(1) and 7-102(A)(2) of the Code of Professional Responsibility, in that respondent instituted through another attorney a declaratory judgment action as to ownership of a Totten trust, when there was no question of law or fact as to such ownership, such action serving to merely harass or maliciously injure the other party. I further recommend that respondent be found guilty of violating Disciplinary Rule 5-105(A) of the Code of Professional Responsibility, in that he represented or assisted in representing, Ms. Stewart in her action against the Estate of Walsh, while at the same time representing the personal representative of that estate, Paul C. Mueller.

As to Count VI
I recommend that respondent be found guilty of violating Disciplinary Rule 3-101(A) of the Code of Professional Responsibility, in that he permitted Paul C. Mueller, a disbarred attorney, to prepare pleadings and to have direct contact with clients in the matters Stewart v. Estate of Walsh and Estate of Walsh, such constituting the unauthorized practice of law.

RECOMMENDATIONS AS TO DISCIPLINARY MEASURES TO BE APPLIED
I recommend as discipline in this matter that the respondent, Thomas E. Hunt, be disbarred from the practice of law.
Since neither party seeks review of the referee's report, we treat the factual findings as conclusive and adopt the recommended discipline of disbarment. Fla. Bar Integr. Rule, art. XI, Rule 11.09(3)(f). Respondent Thomas E. Hunt is disbarred effective this date. Costs are assessed against respondent in the amount of $2,905.42.
It is so ordered.
ADKINS, Acting C.J., and BOYD, OVERTON, McDONALD and SHAW, JJ., concur.