PER CURIAM.
This disciplinary proceeding is before us on the complaint of The Florida Bar and *619 the report of the referee recommending respondent be disbarred, with no opportunity to apply for readmission to The Florida Bar for four years. Respondent was previously disbarred by this Court, The Florida Bar v. Hunt, 429 So.2d 1201 (Fla.1983), and the referee’s recommended discipline is to run concurrently with the prior disbarment. The Board of Governors of The Florida Bar petitioned for review, seeking to increase the period respondent would be barred from seeking readmission to twenty years. We have jurisdiction. Art. V, § 15, Fla. Const.
Respondent’s disciplinary problems, while going back several years or more, have all come to light since The Florida Bar first began to scrutinize his activities in 1981. His past disciplinary record is summarized in the findings of the referee in this case:
On November 19, 1981, [rjespondent received a private reprimand in each of two (2) cases, one for failure to fully explain a settlement agreement to a client, and the other for charging a fee in excess of that agreed upon by the client. On June 10, 1982, respondent was suspended for six (6) months for neglecting the affairs of a client. The Florida Bar v. Hunt, 417 So.2d 967 (Fla.1982). Additionally, on March 31,1983, respondent was disbarred from the practice of law for practicing law in the form of a professional association wherein non-lawyers were corporate officers and directors, practicing law while suspended for non-payment of his annual Bar dues, failing to promptly notify clients of the receipt of funds on their behalf and failing to account for and or deliver over to them such funds, employing a disbarred attorney [Paul Mueller, respondent’s former partner] without providing required reports to The Florida Bar and allowing such attorney to be signator on his trust account, instituting through another attorney a friv[o]lous action against his own client, and permitting a disbarred attorney [Mueller] to practice law through his professional association.
When respondent was suspended in June 1981 for alleged violations of the Integration Rule and Code of Professional Responsibility of The Florida Bar relating to trust funds, he was ordered to wind up his law practice and provide an accounting of his trust account to The Florida Bar. In so doing, respondent discovered that his trust account balance was zero. Respondent testified in this case that he had no reason to believe anyone other than his bookkeeper, his former partner, Mueller, who was disbarred at the time, had taken the funds in the account. Respondent also testified Mueller had left town for parts unknown.
The two counts in this case stem from respondent’s inability to account for funds given to him by clients. As to the first count, the referee found that a client gave respondent three checks totalling $5600 to pay expert witness fees in a case respondent was handling. Respondent testified he instructed the funds be placed in his trust account. However, respondent endorsed the checks in blank, and someone, apparently Mueller, deposited the funds in the account of a business owned and operated by Mueller.
As to the second count, the referee found that respondent was given $2,000 to hold in escrow pending closing on a sale of property. After the funds came due respondent failed to turn over the escrow funds to the proper party. The funds had been deposited in respondent’s trust account, but they became due in August 1981 after respondent discovered his trust account had been depleted. The referee found that respondent had failed to properly supervise the bookkeeping on his trust account: “Although respondent was not shown to have personally converted client funds, his gross neglect of his trust account has caused equally serious harm to the public.”
On Count I, the referee recommended respondent be found guilty of violating Disciplinary Rules 9-102(A), 9-102(B)(3), and 9-102(B)(4) of the Code of Professional Responsibility, and Rule 11.02(4), article XI, of the Integration Rule of The Florida Bar. On Count II, the referee recommended respondent be found guilty of violating Disciplinary Rule 9-102(B)(4), Integration Rule 11.02(4) and Integration Rule By-Laws, ar- *620 tide XI, section 5. Respondent and the Bar do not contest these recommendations.
The Florida Bar seeks disbarment for twenty years because of the cumulative nature of respondent’s conduct. Enhanced discipline because of cumulative conduct is a well-established doctrine in Florida Bar discipline cases. The Florida Bar v. Rubin, 362 So.2d 12 (Fla.1978). However, we find that the recommended discipline in the instant case sufficiently reflects enhancement. The referee’s discipline recommendation was based in part on the cumulative nature of respondent’s conduct: “The fact that such conduct is cumulative to, and of a similar nature to a part of his previous misconduct, justifies a more severe discipline.” Counsel for The Florida Bar recommended to the referee a minimum five-year waiting period before application for readmission.
The referee did not find that respondent converted client funds to his own use. This is a classic example of gross neglect resulting in harm to the public. The referee’s findings of fact, conclusions and recommendation of guilt are supported by clear convincing evidence. We approve the discipline recommended by the referee. Respondent has been suspended since June 1981, which means that he will not have practiced law for a period of almost six years before he is eligible to apply for readmission. After applying for readmission, he must successfully pass the Florida Bar Examination and prove rehabilitation to the satisfaction of the Florida Board of Bar Examiners.
Accordingly, we order respondent be disbarred without leave to apply for readmission to The Florida Bar for four years, and that such disbarment run concurrently with respondent’s disbarment in The Florida Bar v. Hunt, 429 So.2d 1201 (Fla.1983), effective March 81, 1983. Costs are assessed against respondent in the amount of $1,042.29.
It is so ordered.
ALDERMAN, C.J., and ADKINS, EHRLICH and SHAW, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion.